INHABITANTS OF AMHERST *vs.* INHABITANTS OF SHELBURNE. ·

A commitment of a lunatic to a hospital by a judge of probate need not be in open court
nor be recorded.

Under the Rev. Sts. *c.* 48, §§ 9, 10, and *Sts.* 1837, *c.* 228, § 7, and 1841, *c.* 77, the amount
paid by a town for the support at a state lunatic hospital of an insane pauper committed
by the judge of probate may be recovered from the town of the pauper's settlement,
within two years after the payment, although more than two years after notice.

Notice by one town to another of a claim made by the treasurer of a state lunatic hospital
for the past and future support of a pauper, is sufficient to support an action for the past
expenses, (though not actually paid until more than three months after,) but not for ex-
penses of the support of the pauper after such notice. ·

ACTION OF CONTRACT, brought on the 27th of April 1857, ·
to recover money paid in March and December 1856, for the
support of Norman Smith at the State Lunatic Hospital at
Worcester, to which he had been committed by the judge of
probate, upon his father's petition, approved by one of the select-
men of Amherst.   This order was not made at a regular court,
nor in writing, nor were the papers filed in the registry of pro-
bate.   And the defendants contended, at the trial in the court
of common pleas in Hampshire, that the commitment was
therefore illegal.

The only notice proved was one sent by the overseers of the
poor of Amherst to the overseers of the poor of Shelburne on
the 28th of November 1854, in writing, as follows: " The treas-
urer of the state lunatic hospital at Worcester has presented to
town of Amherst a bill of $621.40, for board and articles of
clothing furnished to Norman Smith from November 1st 1848
to June 1st, 1854; six years past.   We shall look to you to fur-
nish us the money to pay this bill, and also for Smith's support
since June 1st, 1854, and as often as the bills at the hospital be·
come due, which is, we believe, on the first of June and first of
December each year."   The notice also set forth the facts upon
which the plaintiffs claimed that Smith had his settlement in
Shelburne; and the plaintiffs introduced evidence to prove that
he had his settlement there.

Upon these facts, *Morris*, J. ruled that the action could not be

maintained, and the plaintiffs became nonsuit and alleged exceptions.

*R. A. Chapman & E. Dickinson*, for the plaintiffs.

*G. T. Davis & C. Allen*, for the defendants. 1. The commitment was illegal. Rev. Sts. *c.* 48, § 9. *Sts.* 1837, *c.* 228, § 7; 1841, *c.* 77. All acts of a judge of probate, which require previous notice to an adverse party, must be done at a stated court. Rev. Sts. *c.* 83, §§ 2, 4, 55. The commitment of a lunatic is an official act, requiring previous notice to the selectmen and the lunatic. Rev. Sts. *c.* 48, §§ 6, 7. *Chase* v. *Hathaway*, 14 Mass. 222. This commitment, not having been made at a stated court, was beyond the jurisdiction of the judge of probate, and void. It was also void for want of a decree or order in writing and recorded. Rev. Sts. *c.* 83, §§ 3, 7, 55.

2. The action was not brought within two years after giving notice. Rev. Sts. *c.* 46, § 13. This is required where the commitment is by overseers of the poor. *Cummington* v. *Wareham*, 9 Cush. 585. But notice is just as easy to be given, and is just as important, if the commitment is by a judge of probate ; and the same reasons of policy require it. *East Sudbury* v. *Sudbury*, 12 Pick. 1. Notice within two years has always been deemed a condition precedent. *Hallowell* v. *Harwich*, 14 Mass. 187. *Uxbridge* v. *Seekonk*, 10 Pick. 150. It has never been decided that such notice can be dispensed with. The same objections which were suggested in *Worcester* v. *Milford*, 18 Pick. 379, were held invalid in *Cummington* v. *Wareham*.

3. If notice under the statute was unnecessary, a notice was necessary by common law, because the facts were peculiarly within the plaintiff's knowledge. *Springfield* v. *Worcester*, 2 Cush. 52. *Lent* v. *Padelford*, 10 Mass. 230, 238. *Watson* v *Walker*, 3 Foster, 471, 491. The notice was insufficient at common law, because it was of a claim presented, and not of a claim paid. It showed no claim which the plaintiffs were then entitled to enforce against the defendants. Rev. Sts. *c.* 46, § 13. A notice cannot be given till expenses have been actually incurred.

METCALF, J.   It is the opinion of the court that if Norman Smith has a lawful settlement in Shelburne, the plaintiffs can maintain this action and recover $621.40, the amount of the bill presented to them on the 18th of November 1854 by the treasurer of the lunatic hospital, and by them afterwards paid to him.   They gave notice to the defendants, dated November 28th 1854, that the said bill had been presented, and requested the defendants to furnish the money to pay it.

For the sum paid by the plaintiffs to the hospital, in addition to $621.40, the defendants are not liable in this action, for the reason that they have not received any legal notice of the plaintiffs' claim thereto.   *Cummington* v. *Wareham*, 9 Cush. 591.

Three objections are taken to the maintenance of this action. But we think that neither of them can avail the defendants.

1. We see no illegality or irregularity in the commitment of Smith to the hospital.

2. This action was commenced within two years after the time when the plaintiffs paid the treasurer of the hospital for Smith's support there.   And that such is a seasonable commencement of the action was decided in *Andover* v. *Easthampton*, 5 Gray, 390 ; the plaintiffs having no cause of action — because they had not incurred any expense — before making such payment.

3. Did the defendants receive such notice from the plaintiffs as is necessary to the maintenance of the action ?   We are of opinion that they did.   By the Rev. Sts. *c.* 48, § 10, reënacting *St.* 1834, *c.* 150, § 7, the plaintiffs have " the like rights and remedies " to recover the expenses paid by them for the support of Smith in the hospital, as if such expense had been incurred in the ordinary support of him as a pauper.   In case of the ordinary support of a pauper, it is enacted by the Rev. Sts. *c.* 46, § 13, that the overseers of the poor, in their respective towns, shall provide for the immediate relief of all persons therein having lawful settlements in other towns, when they fall into distress and need relief, and until they shall be removed to the places of their lawful settlements ; " the expenses whereof, incurred within three months next before notice given to the town to be charged, may be sued for and recovered by the town incur-

ring the same against the town which is liable therefor, in an action at law; provided that such action for damages be instituted within two years after the cause of action shall have arisen." It is objected by the defendants, that as the plaintiffs did not incur the expense of Smith's support until they paid for it, (5 Gray, above cited,) they did not incur it "within three months next before notice given" by them to the defendants; and that if the notice given in this case is held to be sufficient, it will give to the plaintiffs, not "the same rights and remedies" as in case of the ordinary support of a pauper, but a different right and remedy, to wit, a right to maintain an action upon giving notice before incurring expense. We cannot sustain this objection; for it is an established rule in the construction of statutes which provide for the application to a new class of cases of the same remedies which are prescribed for another class, that the remedies shall be held to apply to the new class so far only as they are applicable to the subject matter to which they are to be applied. And this rule has been adopted and acted upon in *Worcester* v. *Milford,* 18 Pick. 379, which is not distinguishable, as to the time of notice given, from the present case. In that case, the plaintiffs gave notice to the defendants, on the 10th of December 1834, that the treasurer of the hospital had presented to the plaintiffs a bill for the support of a pauper whose settlement was in Milford, and requested the overseers of the poor in that town to refund the amount of the bill. But the plaintiffs did not pay the bill to the hospital until three days after they gave the aforesaid notice to the defendants. Yet it was decided that the notice was sufficient. And we need not repeat the reasons there given by Morton, J. for so deciding. On recurring to them, they will be found to be not only decisive of the case now before us, but also entirely satisfactory.

*Exceptions sustained.*

Upon a new trial, the plaintiffs failed to prove the settlement of Smith to be in Shelburne, and the defendants obtained a verdict, upon which judgment was rendered. See 13 Gray, 341